## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RODNEY F. KING,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. CIV-06-1308-M** |
| ) | |
| **OKLAHOMA CITY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a federal inmate appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. United States District Judge Vicki Miles-LaGrange referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, it is recommended that the complaint be dismissed upon filing for failure to state a claim upon which relief can be granted.

## BACKGROUND

Plaintiff currently is housed at the Federal Correctional Institution in Milan, Michigan. Complaint, p. 1. He brings this action against the City of Oklahoma City, the State of Oklahoma, Wes Lane, the former District Attorney of Oklahoma County, Lynne McGuire, a prosecutor in the Oklahoma County District Attorney's Office, and John Whetsel, the Sheriff of Oklahoma County, alleging violations of his Fourth and Fourteenth Amendment rights and state tort claims.[1] Id. at 1-2, 5.

---

[1] The caption and the jurisdiction section of the complaint form that Plaintiff used to bring suit specifically names only the City of Oklahoma City, the Sheriff of Oklahoma County, and the State of Oklahoma as Defendants. Complaint, pp. 1-2. The undersigned has judicially noticed the name of the Sheriff of Oklahoma County, John Whetsel, since Plaintiff alleges that he does not know Sheriff Whetsel's
(continued...)

Plaintiff alleges that he was arrested in January 2003, and charged with committing two armed robberies in Oklahoma County District Court Case Nos. CF-03-422 and CF-03-423.[2]  Id. at 2.  He contends that he was illegally confined in the Oklahoma County Jail from the date of his arrest until the charges brought in Case No. CF-03-423 were dismissed on December 22, 2004, after a jury acquitted him of robbery in Case No. CF-03-0422.  Id.[3]

---

[1](...continued)
name.  Id. at 2.  Plaintiff's allegations against the City of Oklahoma City are directed against its "employe[e]" an "Oklahoma City, Prosecutor, unknown correct official" and have been liberally construed as allegations naming the former Oklahoma County District Attorney, Wes Lane, and the lead prosecutor in the cases brought against Plaintiff, Lynne McGuire, as Defendants.

[2] The Oklahoma County District Court's dockets from these actions have been judicially noticed and show that Plaintiff was actually charged with seven felonies including armed robbery, assault and battery with a dangerous weapon, possession of a firearm, and kidnapping.  The dockets reflect that the charges were filed on January 24, 2003, and arrest warrants were issued on January 28 and 29, respectively.  Both warrants were returned as executed on January 30.  Docket, Oklahoma County Case Nos. CF-03-422, CF-03-423.

[3] Plaintiff's description of the facts surrounding his claims omits several pertinent events.  Plaintiff was arraigned before a judge in both cases on January 30th and bail was set at $150,000.  Another judge conducted a preliminary hearing concerning all charges brought in both cases on March 25, 2003, which was continued to August 2003.  On August 8, 2003, the preliminary hearing concluded and the judge determined that  there was sufficient evidence to support the robbery, assault and battery with a dangerous weapon, and possession of a firearm charges brought in Case No. CF-03-422, but that there was insufficient evidence to go forward with the prosecution of the charges brought in Case No. CF-03-423, including another robbery charge, two kidnapping charges, and another possession of a firearm charge.  Thus, the charges in Case No. CF-03-423 were dismissed and Plaintiff was bound over for trial on the charges in Case No. CF-03-422.

Nearly a year after the charges in Case No. CF-03-423 were dismissed, the State amended the information and re-charged Plaintiff with the previously dismissed charges and another warrant for Plaintiff's arrest was issued.  Plaintiff was re-arrested on these charges and brought before a judge for arraignment on July 29, 2004.  The preliminary hearing on the re-filed charges was set for December 22, 2004.

While awaiting the preliminary hearing in Case No. CF-03-423, the charges in Case No. CF-03-422 went to trial.  The  trial court dismissed the possession of a firearm charge at the State's request.  On December 15, 2004, the jury acquitted Plaintiff, who represented himself at trial, of robbery and assault and battery with a dangerous weapon.

At the preliminary hearing held in Case No. CF-03-423 on December 22, 2004, the judge found that the State presented no new evidence and dismissed the charges again.  Plaintiff's release from custody was
(continued...)

If the complaint's allegations of false incarceration on "false and fabricated charges" are construed liberally, they can be read as an assertion of constitutional and state tort claims for: 1) false imprisonment[4] and wrongful arrest in violation of the Fourth Amendment and Oklahoma tort law; 2) malicious prosecution in violation of the Fourth Amendment and Oklahoma tort law; and 3) failure to disclose exculpatory evidence in violation of the Fourteenth Amendment's Due Process Clause and Brady v. Maryland, 373 U.S. 83 (1963). Id. at 1-3.

DISCUSSION

A.    Screening

Courts are obliged to screen prisoner complaints "seek[ing] redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  If review of a prisoner's complaint reveals that it "is frivolous, malicious, . . . fails to state a claim upon which relief may be granted . . . or seeks monetary relief from a defendant who is immune from such relief," the complaint must be dismissed.  Id. § 1915A(b).

---

[3](...continued)
ordered and he alleges that he was released later that evening.  See Docket, Oklahoma County Case Nos. CF-03-422, CF-03-423.

[4] The Supreme Court recently characterized constitutional tort claims arising from wrongful detention as false imprisonment, noting that a false arrest is a subset of false imprisonment.  Wallace v. Kato, 127 S. Ct. 1091, 1095 (2007).  In Oklahoma, a tort claim arising from the wrongful detention of a person by an individual acting under the authority of law is called false arrest.  But if a person is wrongfully detained by an individual who does not act under the color of law, then the appropriate tort claim is for false imprisonment.  See McGlone v. Landreth, 195 P.2d 268, 271 (Okla. 1948), overruled in part on other grounds by Parker v. Washington, 421 P.2d 861, 862-63 (Okla. 1966).  Because this Report and Recommendation focuses primarily on Plaintiff's constitutional claims, the term false imprisonment will be used to describe Plaintiff's wrongful detention claims whether they are grounded in federal or state law.

B.   Failure to State a Claim

A complaint is subject to dismissal for failure to state a claim upon which relief can be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Courts reviewing the sufficiency of a complaint presume that all of the plaintiff's factual allegations are true and construe them in the light most favorable to the plaintiff.  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).  Although pro se pleadings are construed liberally, conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be granted.  Id. at 1110.  If "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [the plaintiff] an opportunity to amend his complaint would be futile," the complaint may be dismissed sua sponte.  Id. (quoting McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991) (citations and quotations omitted)); Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001) (approving district court's decision to sua sponte dismiss pro se complaint for failure to state claim because district court considered the futility of permitting amendment).

Plaintiff's complaint should be dismissed upon filing because it fails to state a claim upon which relief can be granted and seeks monetary relief from defendants who are immune from such relief.  Plaintiff could not prevail on the facts alleged and giving him an opportunity to amend would be futile.

4

1.    *Limitations - False Imprisonment & Wrongful Arrest*

"Section 1983 provides a federal cause of action, but . . . looks to the law of the State in which the cause of action arose . . . for the length of the statute of limitations." Wallace, 127 S. Ct. at 1094. Oklahoma's two-year statute of limitations governing general personal injury suits applies to § 1983 claims that arise in Oklahoma. Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1988). State law also supplies any applicable tolling provision. Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995). Though the length and tolling of the statute of limitations governing § 1983 claims are determined by state law, the accrual date of a § 1983 claim is determined by federal law. Id.; Wallace, 127 S. Ct. at 1095. Under federal law, a claim accrues when the plaintiff has "a complete and present cause of action." Wallace, 127 S. Ct. at 1095 (citations omitted); see also Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991) (section 1983 claims accrue when the plaintiff knows or has reason to know of the injury which is the basis of his action).

A claim for false imprisonment accrues, and the statute of limitations begins to run, "when the alleged false imprisonment ends." Wallace, 127 S. Ct. at 1096 (quotations and citations omitted). A false imprisonment ends once the accused becomes detained pursuant to legal process. Id. Therefore, the limitations period on a Fourth Amendment false imprisonment claim begins to run not when confinement ends by the accused's release from custody, but when the accused becomes detained legally. See id. at 1096-97. The limitations period on a Fourth Amendment wrongful arrest claim begins to run at the time of the arrest. Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 558 (10th Cir.

1999). Under Oklahoma law, a prisoner's claim is not tolled during any period of incarceration.[5]   <u>Miskovsky v. Gray</u>, 109 Fed. Appx. 245, 249 (10th Cir. 2004) (unpublished).[6]

The statute of limitations governing Plaintiff's Fourth Amendment claims for false imprisonment and wrongful arrest has expired.  Plaintiff was arrested and charged at least by January 30, 2003, when the return on the arrest warrant was made.  <u>See</u> Docket, Oklahoma County Case Nos. CF-03-422, CF-03-423.  The two-year statute of limitations applicable to Plaintiff's false imprisonment claim stemming from this arrest began to run when Plaintiff became detained pursuant to legal process, which police had on the date of arrest in the form of an arrest warrant. <u>See id.</u>; <u>see also</u> <u>United States v. Hauk</u>, 412 F.3d 1179, 1190 (10th Cir. 2005) ("An arrest warrant gives the police unquestioned authority to detain the suspect.").  The limitations period on Plaintiff's wrongful arrest claim also began to run on the date of his arrest.  <u>See</u> <u>Beck</u>, 195 F.3d at 558.  Neither claim's limitations period was tolled during Plaintiff's confinement.  Thus, these claims accrued and their limitations periods began to run no later than January 30, 2003, and the statute of limitations for each expired no later than January 30, 2005.  <u>See</u> <u>Meade</u>, 841 F.2d at

_____

[5]When a prisoner files a § 1983 suit for damages, a district court must consider whether "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994).  If so, the causes of action do not accrue until the conviction and sentence is invalidated.  <u>See id.</u>  A judgment in favor of Plaintiff would not necessarily imply the invalidity of any conviction or sentence.  "The <u>Heck</u> rule for deferred accrual is called into play only when there exists a conviction or sentence that has <i>not</i> been invalidated, that is to say, an outstanding criminal judgment." <u>Wallace</u>, 127 S. Ct. at 1097-98 (emphasis in original) (quotations omitted); <u>see also</u> <u>Butler v. Compton</u>, __ __ F.3d _____, No. 06-1274, 2007 WL 1128867, at *3 (10th Cir. Apr. 17, 2007) ("The starting point for the application of <u>Heck</u> then is the existence of an underlying conviction or sentence that is tied to the conduct alleged in the § 1983 action.").  Plaintiff was acquitted of some charges and the rest were dismissed, so there is no state criminal judgment to set aside before Plaintiff pursues his § 1983 claims.

[6] This and any other unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

1522.  Since Plaintiff did not file suit until December 2006, his Fourth Amendment false imprisonment and wrongful arrest claims are time-barred.

To the extent that Plaintiff also asserts false imprisonment and wrongful arrest claims arising from his second arrest on the charges re-filed in Case No. CF-03-423, those claims are also barred by limitations.  Plaintiff was arrested pursuant to an arrest warrant for the re-filed charges on July 28, 2004.  See Docket, Oklahoma County Case No. CF-03-423.  Any false imprisonment and wrongful arrest claims arising from this arrest accrued on that date and the limitations period ran two years later on July 28, 2006.

2.    *Immunities*

a.    Prosecutorial

Prosecutors enjoy absolute immunity from § 1983 suits directed at actions taken "within the scope of their prosecutorial duties." Arnold v. McClain, 926 F.2d 963, 967 (10th Cir. 1991).  Absolute prosecutorial immunity attaches to those activities "intimately associated with the judicial phase of the criminal process," including the decision to initiate a prosecution and the presentation of the State's evidence. England v. Hendricks, 880 F.2d 281, 285 (10th Cir. 1989) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).  Further, "it is now a well-settled rule that a prosecutor cannot be held personally liable for the knowing suppression of exculpatory information."  Robinson v. Volkswagenwerk AG, 940 F.2d 1369, 1373 n.4 (10th Cir. 1991).

Plaintiff's Fourth Amendment claim for malicious prosecution and Fourteenth Amendment Brady claim against Defendants Lane and McGuire are directed solely at the decision to bring criminal charges against Plaintiff, prosecute those charges, and the

handling of evidence in connection with the prosecution.  <u>See</u> Complaint, pp. 2-3.  These actions are intimately associated with a prosecutor's duties and protected by absolute prosecutorial immunity.  Thus, those claims are barred.

      b.    Eleventh Amendment

Plaintiff appears to have sued the State of Oklahoma because Defendants Lane and McGuire prosecuted Plaintiff in the name of the State.  <u>Id.</u> at 2.  The State has immunity from Plaintiff's claims.

Under the Eleventh Amendment, a state is generally immune from suit in federal court.  <u>See</u> <u>Elephant Butte Irrigation Dist. of N.M. v. Dep't of the Interior</u>, 160 F.3d 602, 607 (10th Cir. 1998).  There are two exceptions to this general rule that apply where: 1) the state unmistakably waives its Eleventh Amendment immunity, or 2) Congress unmistakably abrogates the state's immunity by statute.  <u>See</u> <u>Ramirez v. Okla. Dep't of Mental Health</u>, 41 F.3d 584, 588 (10th Cir. 1994), <u>overruled on other grounds by</u> <u>Ellis v. Univ. of Kan. Med. Ctr.</u>, 163 F.3d 1186 (10th Cir. 1998).

Oklahoma has not waived its Eleventh Amendment immunity. <u>Id.</u> at 589; Okla. Stat. tit. 51, § 152.1. Furthermore, Congress did not abrogate Oklahoma's sovereign immunity by enacting § 1983. <u>See</u> <u>Quern v. Jordan</u>, 440 U.S. 332, 345 (1979).  Thus, the State of Oklahoma's Eleventh Amendment immunity bars Plaintiff's suit.

*3.*   *Local Government Liability*

A suit against a local government official in his official capacity is treated as a suit against the local government itself.  <u>Myers v. Okla. County Bd. of County Comm'rs</u>, 151 F.3d 1313, 1316, n.2 (10th Cir. 1998); <u>Taylor v. Meacham</u>, 82 F.3d 1556, 1564 (10th Cir.

1996).  Therefore, to the extent Plaintiff alleges, claims against Sheriff Whetsel in his official capacity they are effectively claims against Oklahoma County because Sheriff Whetsel is a county employee.  See, e.g., Prichard v. City of Okla. City, 975 P.2d 914, 916 (Okla. 1999) (noting that sheriff was a county employee).  Plaintiff has not named any employee of the City of Oklahoma City as a participant in the events made the basis of his suit.[7]

Section 1983 liability is not imputed to local governments on a respondeat superior theory.  Jantz v. Muci, 976 F.2d 623, 630 (10th Cir. 1992).  Instead, to state a § 1983 claim against a local government for the actions of one of its employees, a plaintiff must allege that: (1) a local government employee committed a constitutional violation, and (2) the local government's policy or custom was the moving force behind the constitutional deprivation.  Myers, 151 F.3d at 1316.

Plaintiff has not alleged the involvement of any city employee in the events made the basis of his suit, so his claims against the City fail.  Plaintiff also has not alleged that the sole employee of Oklahoma County named in this suit, Sheriff Whetsel, committed any constitutional violations in furtherance of any of Oklahoma County's policies or customs.  See Complaint, p. 2.  Therefore, Plaintiff has not stated a claim upon which relief may be granted against Oklahoma County or Sheriff Whetsel in his official capacity.

---

[7] The complaint indicates that Plaintiff has named the City of Oklahoma City as a Defendant in this suit based upon an erroneous belief that Defendants Lane and McGuire are employed by the City of Oklahoma City.  See Complaint, p. 2.  Defendant Lane, the former District Attorney of Oklahoma County, and Defendant McGuire, an Assistant District Attorney in the Oklahoma County District Attorney's Office, are both state employees for purposes of § 1983 claims.  See Okla. Stat. tit. 19, § 215.30; see also Laidley v. McClain, 914 F.2d 1386, 1392 (10th Cir. 1990).  As state employees, any claim against them in their official capacities would be treated as a claim against the State which, based upon the State's Eleventh Amendment immunity from suit, may not proceed in federal court.

Permitting Plaintiff to amend the complaint to make such allegations against Sheriff Whetsel in his official capacity or Oklahoma County is futile because, as noted earlier, all of Plaintiff's Fourth Amendment claims, the only claims brought against these Defendants, are barred by limitations.  Moreover, Plaintiff cannot state a claim against Sheriff Whetsel or Oklahoma County because the facts underlying Plaintiff's claims negate an essential element of both the false imprisonment and wrongful arrest claims brought against these Defendants.

The lack of probable cause to arrest is an essential element of a false imprisonment and wrongful arrest claim. James v. Griechen, No. 98-2245, 1999 WL 641867, at *1 (10th Cir. Aug. 24, 1999), citing Taylor, 82 F.3d at 1562 (wrongful arrest); Roberts, 50 P.3d at 1152 (false imprisonment).  Plaintiff was arrested pursuant to an arrest warrant which was based on a finding that probable cause to arrest Plaintiff existed.  See Docket, Oklahoma County Case Nos. CF-03-422, CF-03-423.  As probable cause to arrest Plaintiff existed, he cannot prove an essential element of his claims against Sheriff Whetsel.

*4.   Supplemental State Tort Claims*

The complaint may also be read to allege tort claims arising under Oklahoma law for false arrest and malicious prosecution.  Because Plaintiff's constitutional claims are clearly barred, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  See Taylor, 82 F.3d at 1564, n. 11 (10th Cir. 1996) ("Once a federal court dismisses claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over related state law claims.").  Moreover, these

claims are likely barred by Oklahoma's one-year limitations period applicable to false imprisonment and malicious prosecution suits.  <u>See</u> Okla. Stat. tit. 12, § 95(4).

RECOMMENDATION

The liberally construed allegations of the complaint show that Plaintiff has failed to state a federal claim against the Defendants. Because Plaintiff has not stated a federal claim, the Court should decline to exercise jurisdiction over Plaintiff's state claims. Therefore, the undersigned recommends that the federal claims of the complaint be dismissed with prejudice upon filing and the state law claims be dismissed without prejudice.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by May 11, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein.  <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.  The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the Oklahoma County District

Attorney at 320 Robert S. Kerr Ave., Suite 505, Oklahoma City, Oklahoma 73102 on behalf of the Defendants.

**ENTERED this 26th day of April, 2007.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE